IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ALBERT FREDERICK,** | * | |
| | * | |
| Plaintiff, | * | **CIVIL ACTION FILE NO.** |
| | * | |
| v. | * | |
| | * | |
| **GEORGIA DEPARTMENT** | * | |
| **OF CORRECTIONS and** | * | |
| **JOHN DOES 1-10, Individual** | * | |
| **Capacities,** | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW the Plaintiff and files this Complaint against the Defendants, showing the Court as follows:

## INTRODUCTION

1.

This is a civil rights action in which the plaintiff ALBERT FREDERICK seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, of rights secured by the Eighth Amendment to the United States Constitution, and of rights secured under the laws and Constitution of the State of Georgia. The plaintiff seeks damages, both compensatory and punitive, affirmative

and equitable relief, an award of costs, interest and attorneys' fees, and other and further relief as this Court deems just and equitable.

## **JURISDICTION**

2.

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3.

Jurisdiction is also invoked herein pursuant to the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983.

4.

The plaintiff requests that this Court exercise supplemental jurisdiction over any state court cause of action that arises from a common nucleus of operative facts that give rise to the federally-based causes of action pleaded herein. 28 U.S.C. § 1367.

## **JURY TRIAL DEMAND**

5.

Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

6.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because the cause of action arose in the State of Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia, and because one or more of the Defendants is deemed domiciled within said District and Division.

## PARTIES

7.

Paragraphs 1 thru 7 are hereby incorporated herein by reference.

8.

Plaintiff Albert Frederick (herein after "Plaintiff") is a citizen of the United States and a resident of the State of Georgia who has the capacity to bring this action.

9.

Defendant Georgia Department of Corrections is a domestic limited liability company operating in the State of Georgia, which has the capacity to sue and be sued, which may be served through Governor Nathan Deal at Office of the Governor, 206 Washington Street, 111 State Capitol, Atlanta, GA 30334 , pursuant to F.R.C.P. 4(h) and which is subject to the jurisdiction of this Court.

10.

Defendants John Does 1 through 10 (herein after "Defendants") are individuals who were, at all times relevant herein, employed by Defendant Georgia Department of Corrections or otherwise agents thereof, who acted within the scope of their employment and/or agency pursuant to the policies and procedures of the Georgia Department of Corrections as established by Georgia Department of Corrections who may be served by mail pursuant to F.R.C.P. 4, and who are subject to the jurisdiction of this Court. These defendants are being sued individually and in their official capacity.

11.

Defendants have waived any defense of sovereign immunity by the purchase of liability insurance or otherwise.

12.

At all times relevant herein, the above-named Defendants acted under color of state law and on behalf of the State of Georgia.

## FACTUAL ALLEGATIONS

13.

All paragraphs above are hereby incorporated herein by reference.

14.

On April 15th, 2014, Plaintiff Frederick was transferred from Clayton County Jail to Coastal State Prison ("Coastal"). Coastal State Prison is operated by the Georgia Department of Corrections.

15.

Prior to April 15, 2014, Plaintiff Frederick had been diagnosed with blisters on his feet and prescribed and provided "soft shoes" by the Clayton County Jail in order to prevent irritation of the blisters and prevent infection. Infection was a particular concern because Plaintiff Frederick was diabetic.

16.

Upon arrival at Coastal on April 15, 2014, Plaintiff's foot blisters were still present, but were improving as a result of the treatment that had been provided elsewhere, including his "soft shoes."

17.

Nonetheless, upon arrival at Coastal on April 15, 2014, Defendants took away Plaintiff's "soft shoes" and forced him to instead wear work boots.

18.

Upon Defendants' taking away of Plaintiff's "soft shoes," Plaintiff told Defendants, their employees, and/or agents that his previous medical provider(s) had ordered him to wear the "soft shoes" to prevent aggravation of his foot wounds in light

5

of his diabetes. Despite this communication to Defendants, Plaintiff was still denied his "soft shoes" and ordered to wear work boots.

19.

Between April 15, 2014 and April 22, 2014, Plaintiff was visiting the infirmary at Coastal at least twice per day for diabetes maintenance. During these visits, Plaintiff told several of Defendants employees and/or agents that the work boots were causing him pain and that he had been ordered by a physician to be wearing "soft shoes" because of his wounds and diabetic condition.

20.

On April 22, 2014, Plaintiff visited with a physician at Coastal for the draining of blisters on both feet. At this visit the open, bleeding blisters were noted and Plaintiff was prescribed antibiotics, ordered to wear "soft shoes" and/or "shower shoes," ordered to have his wound dressings changed daily, and ordered to consult with a vascular surgeon.

21.

Despite these orders, Defendants did not provide Plaintiff with "shower shoes" or "soft shoes" on April 22, 2014. As a result, Plaintiff was forced to wear work boots for several more weeks. Defendants did not provide Plaintiff with any "shower shoes" or "soft shoes" until mid-June, 2014 – after his toe had to be amputated, as discussed more fully below.

22.

In May, 2014, Plaintiff was informed that a toe on his left foot had become infected and he was ordered moved to the infirmary unit.

23.

In June, 2014, Plaintiff was sent for a consultation at August State Medical Prison. At this visit, Plaintiff was informed that his left foot wound had become so infected that an amputation was required.

24.

On June, 5, 2014, Plaintiff was forced to have his toe amputated at Augusta State Medical Prison.

25.

On July 23, 2014, Plaintiff was released from Coastal.

26.

Within one (1) week of release from Coastal, Plaintiff sought treatment for continuing pain. At this visit, it was determined that infection had spread to the remaining toes on his left foot. Within days, Plaintiff was forced to undergo amputation of the remaining four (4) toes on his left foot.

27.

Plaintiff continued wound care and treatment according to doctor's orders for several months after the second toe amputation surgery.  Nonetheless, the infection continued to spread through his foot and lower leg.

28.

The infection was finally stopped upon the amputation of Plaintiff's left leg below his knee on January 27, 2015.

64.

At all relevant times, Defendants John Does 1-10 were employed as prison personnel with the Georgia Department of Corrections.  At all times relevant to this action, Defendants John Does 1-10 were actual and/or apparent agents of Georgia Department of Corrections and were acting within the course and scope of their employment with Georgia Department of Corrections while working as prison personnel with the Georgia Department of Corrections.  Georgia Department of Corrections is liable to Plaintiff for the injuries caused by the negligent actions of Defendants John Does 1-10 by virtue of the doctrine of *respondeat superior*.

29.

Plaintiff suffered significant emotional distress over having lost his faith in law enforcement officers, worried about being severely mistreated again.

30.

Georgia Department of Corrections through its employees and/or agents, should not have confiscated or denied Plaintiff the "soft shoes" he was wearing under doctor's orders upon arrival at Coastal.

31.

Defendants wrongfully failed to return or provide Plaintiff with "soft shoes" despite his doctor's orders.  Defendants also wrongfully forced Plaintiff to wear work boots upon arrival at Coastal, against his doctor's orders, which lead directly to aggravation and infection of his lower extremities.

32.

The Plaintiff's medical records from Coastal dating from April 15, 2014 forward, indicate that there was complete disregard and deliberate indifference for the Plaintiff's injuries.

33.

The Plaintiff's medical records from Coastal dating from April 15, 2014 forward, indicate that Defendants interfered with Plaintiff's medical treatment, delayed Plaintiff's medical treatment, and deliberately inflicted pain upon Plaintiff.

**COUNT ONE-VIOLATIONS OF THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNTIED STATES**

34.

All above paragraphs are hereby incorporated herein by reference.

35.

Defendants' deliberate indifference to the medical needs of the Plaintiff violated same's Eighth Amendment rights to be free from cruel and unusual punishment.

36.

Defendants' actions interfered with Plaintiff's medical treatment by taking away his "soft shoes" and forcing him to instead wear work boots which significantly aggravated an existing injury.

37.

Upon Defendants taking away Plaintiff's "soft shoes" and forcing him to instead wear work boots, his foot injury worsened to the point that he was forced to seek medical treatment seven (7) days later.

38.

The condition of Plaintiff's foot injury posed a substantial risk of serious harm if left unattended or improperly treated, especially in a diabetic.

39.

Defendants' delayed Plaintiff's medical treatment by taking away his "soft shoes" and forcing him to instead wear work boots which significantly aggravated

an existing injury.

40.

Defendants' deliberately inflicted pain upon Plaintiff by taking away his "soft shoes" and forcing him to instead wear work boots despite is numerous complaints of pain.

41.

The conduct and action of Defendants, acting under color of state law, was done intentionally, maliciously, and with deliberate indifference to the rights of the Plaintiff, and was designed to and did cause physical injury, pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution.

42.

Additionally, prison personnel involved in Plaintiff's treatment at Coastal owed a duty to the Plaintiff to intervene on his behalf, and failed to do so, thus resulting in the constitutional violations set forth above.

43.

The breach of the duties articulated above was a proximate cause of the injuries and constitutional deprivations set forth in above.

# COUNT TWO- UNITED STATES CONSTITUTIONAL VIOLATIONS BY DEFENDANT GEORGIA DEPARTMENT OF CORRECTIONS

44.

All above paragraphs are hereby incorporated herein by reference.

45.

At all times material to this complaint, Georgia Department of Corrections had in effect *defacto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the Defendants John Does 1-10.

46.

On information and belief, the Georgia Department of Corrections failed to establish guidelines for, and/or train, supervise or educate its personnel, including the Defendants John Does 1-10 about correct practices and procedures in wound care, diabetes, and/or compliance with physician orders, thereby permitting Defendants to be in a position to violate the Plaintiff's federal and state constitutional and statutory rights.

47.

The Georgia Department of Corrections being aware that a lack of effective screening and hiring, and lack of training, supervision, and discipline, leads to improper conduct by its prison personnel, acted with deliberate indifference in failing

to establish a program of effective screening and hiring, and failing to establish a program of training, supervision and discipline.

48.

As a result of a conscious policy, practice, custom or usage, Georgia Department of Corrections permitted and allowed for the employment and retention of individuals as prison personnel whose individual circumstances place the public at large, or segments thereof, at substantial risk of being the victims of abusive or otherwise illegal and offensive behavior. Such policy, practice, custom and usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the Plaintiff.

49.

The conduct of Defendants was the direct and proximate cause of bodily and psychological harm, pain and suffering in violation of the Plaintiff's rights as guaranteed by 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution.

50.

As a direct and proximate result of the Georgia Department of Corrections wrongful policies, practices, customs and usage's complained of herein, the Plaintiff

has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, and medical expenses.

## COUNT THREE – PENDANT CLAIMS UNDER GEORGIA CONSTITUION

51.

All above paragaphs are hereby incorporated herein by reference.

52.

In addition to violating the federal constitutional right set forth in Counts One and Two, the aforementioned acts and omissions of Defendants constitute cruel and unusual punishment and prison abuse in violation of Art. 1. §1, ¶17 of the Constitution of the State of Georgia.

53.

The aforementioned violations of the Georgia Constitution amount to breaches of public duty by Defendants for which they are individually liable under Georgia law.

## COUNT FOUR- PUNITIVE DAMAGES

54.

All above paragraphs are hereby incorporated herein by reference.

55.

Defendants John Does 1-10 are individually liable for the aforementioned damages with respect to the pendant state law claims, and they are not entitled to

official immunity under Georgia law because they acted with specific intent to do wrong and to cause harm to the Plaintiff.

56.

The aforementioned misconduct of Defendants arose to such a level of bad faith, willfulness, and reckless disregard for the consequences as to authorize the imposition of punitive damages against them to the extent permitted by federal and state law.

57.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation with respect to the federal civil rights claims pursuant to 28 U.S.C. §1988.

58.

Alternatively, Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation with respect to the pendant state law claims pursuant to O.C.G.A. §13-6-11 because the Defendants acted in bad faith.

**WHEREFORE**, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of the Plaintiff and against the Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c) That the Plaintiff be awarded attorney's fees and

reasonable expenses of litigation;

d) That all costs of this action be taxed against the Defendants; and,

e) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted,

*s/Ryan T. Strickland*
RYAN T. STRICKLAND
Ga. Bar No. 687904
For the Firm
*Attorney for Plaintiff*

THE STRICKLAND FIRM, L.L.C.
222 Cherokee Street
Marietta, Georgia 30060
Tel. (770) 420-9900
Fax (770) 545-6353
ryan@thestricklandfirm.com

*s/Richard N. Blevins, Jr.*
RICHARD N. BLEVINS, JR.
Georgia Bar No. 063361
Attorney for Plaintiff

Blevins & Hong, PC
191 Roswell Street
Marietta, Georgia 30060
(678) 354-2290
Richardblevins@cobbcountylaw.com