IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALBERT FREDERICK, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:16-cv-01214-ELR |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**DEFENDANT GEORGIA DEPARTMENT OF CORRECTIONS' BRIEF IN SUPPORT OF ITS PRE-ANSWER MOTION TO DISMISS**

Comes now the Georgia Department of Corrections (GDC), Defendant in the above-styled action, by and through counsel, Samuel S. Olens, Attorney General for the State of Georgia, and submits this brief in support of its motion to dismiss, showing the Court as follows:

### I. PLAINTIFF'S CLAIMS

Plaintiff alleges that improper medical attention caused him pain and resulted in the amputation of a leg. (Doc. 1). He claims that these acts or omissions violated the Eighth Amendment of the U.S. Constitution and a portion of the Georgia Constitution. (*Id.*). He seeks money damages from the GDC. (*Id.*).

Plaintiff also sues ten "John Doe" Defendants in both their individual and official capacities. (*Id.*, ¶ 10). Claims against state officials in their official capacity are effectively claims against state governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's official capacity claims are therefore claims against the GDC and will be treated as such in this brief. Any arguments made on behalf of the GDC also are made on behalf of the official capacity Defendants.[1]

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiff has failed to perfect service of process on the GDC

Plaintiff has attempted to serve process on the GDC by serving the Governor. (Doc. 1, ¶ 9). This process was not properly served.

A state governmental entity is served by "delivering a copy of the summons and of the complaint to its chief executive officer." Fed.R.Civ.P. 4(j); *see also* O.C.G.A. § 9-11-4(e)(5) ("[i]f against any other public body or organization subject to an action, to the chief executive officer or clerk thereof"). While

---

[1] Fictitious party pleading is generally not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). A narrow exception exists when a "plaintiff's description of the defendant is so specific so as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Plaintiff provides no meaningful description of the Doe defendants. As they are not identified and have not been served with process, the undersigned counsel do not represent them in their individual capacities at this time.

Governor Deal is the chief executive officer of the State of Georgia, the Commissioner of Corrections is the chief executive officer of the GDC, the entity sued here. O.C.G.A. § 42-2-6. This action fails for insufficient service of process. Fed.R.Civ.P. 12(b)(5). Additionally, the insufficient process prohibits the Court from exercising personal jurisdiction over the GDC. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**B.     Plaintiff fails to state a claim against the GDC**

1.     *Plaintiff fails to state a federal claim against the GDC*

    a.     *Plaintiff's claims against the GDC are barred by the Eleventh Amendment*

The Eleventh Amendment bars actions against a State or one of its agencies, departments or officials, absent a waiver by the State or a valid congressional override, when the State is the real party in interest or when any monetary recovery would be paid from State funds. *Graham*, 473 U.S. at 169; *see also Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984). The immunity provided by the Eleventh Amendment applies both to states and to those entities that are considered "arms of the state." *See, e.g., Fouche v. Jekyll Island State Park Auth.*, 713 F.2d 1518, 1520 (11th Cir. 1983). Congress did not intend for § 1983 to disturb the immunity to States provided by the Eleventh Amendment

and alter the federal-state balance. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 65 (1989).

The GDC has not consented to be sued under 42 U.S.C. § 1983 or any other civil rights statute. The Georgia Constitution provides that "[n]o waiver of sovereign immunity . . . shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution." Ga. Const. Art. 1, § 2, ¶ 9(f). Therefore, the State of Georgia has not waived the immunity provided to it, its agencies and its officials under the Eleventh Amendment and Plaintiff's claims against the GDC fail as a matter of law. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989).

  b. *The GDC is not a "person" amenable to suit under 42 U.S.C. § 1983*

The specific language of § 1983 allows plaintiffs to sue only "person[s]" who violate their civil rights. 42 U.S.C. § 1983. In interpreting this statute, federal courts have clearly ruled that neither a state governmental entity nor a state governmental official acting in his official capacity is a "person" within the meaning of § 1983. *Will,* 491 U.S. at 71. The statutory language of 42 U.S.C. § 1983 "creates no remedy against a State." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 69 (1997).

The GDC is not a person under the civil rights statutes and thus cannot be a defendant in a civil rights action. Accordingly, Plaintiff fails to state a federal claim against it.

c.   *Plaintiff fails to state a claim against the GDC*

Plaintiff asserts that the GDC can be held liable "by virtue of the doctrine of *respondeat superior*." (Doc. 1, ¶ 64[2]). A § 1983 claim, however, cannot be based upon vicarious liability. *Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987). The doctrine of *respondeat superior* is not available in § 1983 actions. *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691-93 (1978).

Plaintiff appears to suggest that he may get around this prohibition by alleging the GDC "had in effect *defacto* policies, practices, customs and usages" or otherwise failed in his training, hiring or supervision of employees, essentially a *Monell*-type argument. (Doc. 1, ¶¶ 45-50); *Monell*, 436 U.S. 658. Under certain circumstances, such claims can be made against local governmental entities, such as counties and cities. *See generally Monell*. States, however, retain their Eleventh Amendment immunity, even against claims such as this. *Id.* at 690 n.54. Accordingly, any claim against the GDC must fail.

---

[2] Oddly, ¶ 64 is located between ¶ 28 and ¶ 29.

2. *Plaintiff fails to state a state-law claim against the GDC*

   a. *This Court lacks jurisdiction over any state-law claim against the GDC*

Jurisdiction is a threshold issue in every case. *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 779 (11th Cir. 2005). "The party seeking to invoke the jurisdiction of a court has the burden of establishing that jurisdiction exists." *Tetco Metal Prods., Inc. v. Langham*, 387 F.2d 721, 723 (5th Cir. 1968). Plaintiff cannot do so here with respect to his state law claims against the GDC.

As discussed above, the Eleventh Amendment bars actions against a state agency. *Graham*, 473 U.S. at 169; *Pennhurst State School*, 465 U.S. at 100-01. The Supreme Court has construed the Eleventh Amendment as a jurisdictional bar extending to federal suits against a non-consenting state "by her own citizens as well as citizens of another state." *Port Authority Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). "[E]ach state is a separate sovereign, and each state, as a sovereign, cannot be haled into federal court without its consent." *Seminole Tribe of Fla. v. State of Fla. Dep't of Revenue*, 750 F.3d 1238, 1242 (11th Cir. 2014).

The Georgia Constitution specifically preserves the State's sovereign immunity from suit unless that immunity is waived by an Act of the Georgia General Assembly, and only on the limited terms and conditions set forth in such

an Act. Ga. Const. Art. I, § II, ¶ IX (e).  Accordingly, the General Assembly has provided that:

> The state waives its sovereign immunity . . . only with respect to actions brought in the courts of the State of Georgia.  The state does not waive any immunity with respect to actions brought in the courts of the United States.

O.C.G.A. § 50-21-23(b).  A State's waiver of immunity in its own courts is not a waiver of its immunity in federal courts. *Johnsen v. Collins*, 875 F.Supp. 1571, 1575 (S.D. Ga. 1994).  "Forum immunity is a jurisdictional immunity that shields a state from suit in federal court."  *Stroud v. McIntosh*, 722 F.3d 1294, 1302 n. 3 (11th Cir. 2013).

The GDC has not consented to be sued in federal court on any state law claims.  No provision of the Georgia Code consents to a complaining party proceeding in federal court on claims based on the Georgia Constitution.  The GDC therefore is immune from suit in federal court with regard to any state law claims asserted in this action.

      b.    *There is no cognizable cause of action under Georgia Constitution*

Plaintiff attempts to bring an action under the Georgia Constitution.  (Doc. 1, ¶¶ 51-53).  There is no state "equivalent to 42 U.S.C. § 1983," providing a cause of action for violation of the state constitution.  *Howard v. Miller*, 222 Ga. App. 868,

7

872 (1996); *accord Davis v. Standifer*, 275 Ga. App. 769, 772 n. 2 (2005); *Draper v. Reynolds*, 278 Ga. App. 401, 403 n. 2 (2006); *Dixon v. Ga. Dep't of Pub. Safety*, 2015 U.S. Dist. LEXIS 126900, 19 (S.D. Ga. 2015).  Therefore, Plaintiff cannot pursue any claim for violation of the State Constitution.

### III.   CONCLUSION

For the foregoing reasons, Defendant GDC submits that its motion to dismiss should be granted.

        SAMUEL S. OLENS  551540
        Attorney General

        KATHLEEN M. PACIOUS 558555
        Deputy Attorney General

        /s/ Devon Orland_____
        DEVON ORLAND 554301
        Senior Asst. Attorney General

        /s/ Laura L. Lones_____
        LAURA L. LONES 456778
        Assistant Attorney General

        Attorneys for Defendant Georgia
        Department of Corrections

Please Serve:
LAURA L. LONES
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 463-8850
Facsimile:  (404) 651-5304
llones@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANT GEORGIA DEPARTMENT OF CORRECTIONS' BRIEF IN SUPPORT OF ITS PRE-ANSWER MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to Plaintiff's attorneys of record:

Ryan T. Strickland
The Strickland Firm, LLC
222 Cherokee Street
Marietta, Georgia  30060

Richard N. Blevins, Jr.
Blevins & Hong, PC
191 Roswell Street
Marietta, Georgia  30060

This 20th  day of May, 2016.

/s/ Laura L. Lones
Georgia Bar No. 456778
Assistant Attorney General