## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ALBERT FREDERICK,** | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION FILE NO.** |
| | * | **1:16-cv-01214-ELR** |
| | * | |
| **v.** | * | |
| | * | |
| **GEORGIA DEPARTMENT** | * | |
| **OF CORRECTIONS and** | * | |
| **JOHN DOES 1-10, Individual** | * | |
| **Capacities,** | * | |
| | * | |
| **Defendants.** | * | |

### PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT GEORGIA DEPARTMENT OF CORRECTIONS' PRE-ANSWER MOTION TO DISMISS

COMES NOW Plaintiff in the above-styled action and files this his Memorandum of Law in Response to Defendant Georgia Department of Corrections' Pre-Answer Motion to Dismiss ("Defendant's Motion"), showing the Court the following:

### I.    STANDARD OF REVIEW

In ruling on the instant Motion to Dismiss, the allegations in the Complaint are presumed true, and the Court must construe the facts alleged in the light most favorable to Plaintiff.   Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th

Cir.1994).  To survive a motion to dismiss, the factual allegations in the Complaint must simply "be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)("Twombly").

The United States Supreme Court has dispensed with the rule that a complaint may be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.  Under this standard, the Court should deny Defendants' Motion to Dismiss.

II.     ARGUMENT AND CITATION OF AUTHORITY

A.  **Personal Service Has Been Perfected**.

By the time the Court reviews this Motion and Response, the Commissioner of Corrections will have been served.  An affidavit confirming this fact will be

promptly filed.  As such, Defendant's arguments for dismissal based upon lack of service must fail.

Even if this second service has/had not been accomplished, proper service was made upon the Governor.  While Defendant is correct that Plaintiff was required to serve the "chief executive officer" of the Defendant, Defendant relies upon no other evidence or authority than citation to O.C.G.A. § 42-2-6.  Although Defendant implies that this statute establishes the "Commissioner of Corrections" as the chief executive officer, the statute actually states "The commissioner shall be the chief <u>administrative</u> officer of the department."  *Id.* (emphasis added). Defendant also concedes that the Governor is the chief executive officer of the State of Georgia.  Where Defendant offers no evidence or authority that the Governor is not the chief executive officer of Defendant, the Court should deny the instant Motion.

### B. The Complaint States Cognizable Claims.

#### 1.  The Complaint Sets Forth Valid Federal Claims.

##### a.  Eleventh Amendment Immunity Should Result in Remand, Not Dismissal.

If the Court agrees that it lacks jurisdiction on Plaintiff's federal claims, the proper procedure is not dismissal.  The United States Supreme Court reversed the United States Court of Appeals for the Eleventh Circuit in *Lapides v. Board of Regents of Univ. System*, holding that the proper procedure would be remand of the

civil action to state court, not dismissal.  535 U.S. 613 (S.Ct., 2002).  As such, if the Court finds that Defendant has not waived its Eleventh Amendment immunity, the Court should order this action into state court rather than dismiss it.

### b.  "Persons" are identified in the Complaint.

Defendant argues that this action should be dismissed where no "person" is named as a defendant.  See Defendant's Motion, p. 4.  However, Plaintiff has identified, to the best of his ability, the individuals working for GDC against whom Plaintiff may pursue his claims.  As the discovery period has not yet begun, these individuals will be identified and substituted for the "John Doe" defendants.  As such, dismissal is inappropriate.

### c.  The Complaint States a Claim Against GDC.

Defendant argues that respondeat superior may not be relied upon to assert claims directly against GDC for the conduct of its employees.  See Defendant's Brief, p. 5.  However, as Defendant concedes, a plaintiff "may get around this prohibition by alleging the GDC 'had in effect defacto policies, practices, customs and usages" or otherwise failed in his training, hiring or supervision of employees, essentially a *Monell*-type argument." *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691-93 (1978); Defendant's Brief, p. 5 ("Under certain circumstances, such claims can be made against local governmental entities, such as counties and cities. See generally *Monell*.).  After this admission, Defendant's

only remaining argument is sovereign immunity, which was addressed thoroughly above. Because of this, the proper procedure would be remand of this action to state court rather than dismissal.

### 2. The Complaint Sets Forth Valid State Law Claims

### a. This Court Has Jurisdiction in this Action.

Defendant argues that this Court has no jurisdiction over the claim in this action because of the doctrine of sovereign immunity. See Defendant's Brief, p. 7. As discussed thoroughly above, sovereign immunity defenses should result in remand of this action to State Court, not dismissal as Defendant requests. *Lapides v. Board of Regents of Univ. System*, 535 U.S. 613 (S.Ct., 2002)( holding that the proper procedure would be remand of the civil action to state court, not dismissal).

CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order DENYING Defendant's Pre-Answer Motion to Dismiss.

Respectfully submitted,

This 6th day of June, 2016.

> */s/ Ryan T. Strickland*
> RYAN T. STRICKLAND
> Ga. Bar No. 687904
> For the Firm
> *Attorney for Plaintiff*

THE STRICKLAND FIRM, L.L.C.

5

222 Cherokee Street
Marietta, Georgia 30060
Tel. (770) 420-9900
Fax (770) 545-6353
ryan@thestricklandfirm.com

## <u>CERTIFICATION AS TO FONT</u>

Pursuant to Local Rule 7.1D, I hereby certify that this pleading is submitted in Times New Roman 14 point type as required by Local Rule 5.1(b).

This 6th day of June, 2016.

*/s/ Ryan T. Strickland*
RYAN T. STRICKLAND
Ga. Bar No. 687904
For the Firm
*Attorney for Plaintiff*

THE STRICKLAND FIRM, L.L.C.
222 Cherokee Street
Marietta, Georgia 30060
Tel. (770) 420-9900
Fax (770) 545-6353
ryan@thestricklandfirm.com

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed

## <u>PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT GEORGIA DEPARTMENT OF CORRECTIONS' PRE-ANSWER MOTION TO DISMISS</u>

with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to Defendant's attorneys of record:

Samuel S. Olens, Attorney General
Kathleen M. Pacio, Deputy Attorney General
Devon Orland
Laura L. Lones
DEPARTMENT OF LAW, STATE OF GEORGIA
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

This 6th day of June, 2016.

> */s/ Ryan T. Strickland*
> RYAN T. STRICKLAND
> Ga. Bar No. 687904
> For the Firm
> *Attorney for Plaintiff*

THE STRICKLAND FIRM, L.L.C.
222 Cherokee Street
Marietta, Georgia 30060
Tel. (770) 420-9900
Fax (770) 545-6353
ryan@thestricklandfirm.com