IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALBERT FREDERICK, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:16-cv-01214-ELR |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**DEFENDANT GEORGIA DEPARTMENT OF CORRECTIONS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Comes now the Georgia Department of Corrections (the GDC), Defendant in the above-styled action, by and through counsel, Samuel S. Olens, Attorney General for the State of Georgia, and submits this brief in reply to Plaintiff's response (Doc. 7) to its motion to dismiss (Doc. 5), showing the Court as follows:

**A.   Service of process on Governor Deal is not effective service on the GDC**

Under the Federal Rules of Civil Procedure, service of process on a state governmental entity must be made by service on its chief executive officer. Fed.R.Civ.P. 4(j).  Construing a Georgia statute also requiring service on an agency's CEO, the Georgia Court of Appeals has concluded that, for the GDC, that person is the commissioner.  *See*, *e.g.*, *Green v. Central State Hosp.*, 275 Ga.App.

569, 571 (2005) ("the DOC was served through its commissioner"); *Curry v. Ga. Dep't of Corrections*, 232 Ga.App. 703, 703 (1998) ("Wayne Garner, Chief Executive Officer of the DOC, was properly served").[1]  Service on the Governor, therefore, was not effective service on the GDC.  *See Fru Veg Mktg., Inc., v. Vegfruitworld Corp.*, 896 F.Supp.2d 1175, 1182 (S.D. Fla. 2012) (once sufficiency of process is challenged, burden of proving proper service is on plaintiff).

Counsel notes, upon information and belief, that the GDC may have been effectively served *after it filed this motion to dismiss*.  No return of service has been filed with the Court.

**B.     This Court cannot "remand" this case to state court because it was never there**

The U.S. Code allows federal courts to remand *removed* matters to state courts under certain circumstances.  18 U.S.C. § 1447.  Defendant, however, is not aware of any statute, rule, or legal doctrine that would permit a federal court to transfer a lawsuit to state court when that action was initiated in federal court and Plaintiff certainly cites to none.  *Lapides v. Board of Regents*, 535 U.S. 613 (2002), concerned a case that (1) had been removed to federal court by the defendant; and

---

[1] Garner was Commissioner of the GDC.  *See Brown v. Sikes*, 212 F.3d 1205, 1206 (11th Cir. 2000).

(2) involved forum immunity as opposed to immunity to suit entirely.[2] This case was not removed. It is in federal court because Plaintiff chose to file it here. If Plaintiff now wants to proceed in state court, then he must dismiss this matter and file a new one in state court.

**C.     Plaintiff fails to state a claim**

1.     *The GDC is not a "person" under § 1983*

Having named "Doe" defendants cannot save Plaintiff's claims against the GDC. The law is clear that, as a matter of statutory construction, state agencies are not persons who can be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

2.     *The Eleventh Amendment prohibits Monell claims against state agencies*

Contrary to Plaintiff's assertions, Defendant never conceded that a *Monell*-type claim may be brought against it. Defendant merely acknowledged that such claims may be brought against *local* governmental entities and made a distinction

---

[2] For a good discussion of the distinction between forum immunity and sovereign immunity, *see Stroud v. McIntosh*, 722 F.3d 1294 (11th Cir. 2013) ("nothing in *Lapides* suggests that a state waives any defense it would have enjoyed in state court—including immunity from liability for particular claims"). Because of *sovereign immunity*, Plaintiff's claims brought here would fare no better in state court. Sovereign immunity applies even when a plaintiff sues the state defendant in state court. *Alden v. Maine*, 527 U.S. 706, 754 (1999).

3

between such entities and *state* governmental entities. The Supreme Court has clearly held that:

> it does not follow that if municipalities are persons then so are States. States are protected by the Eleventh Amendment while municipalities are not, . . . and we consequently limited our holding in *Monell* "to local government units which are not considered part of the State for Eleventh Amendment purposes." . . .

*Will*, 491 U.S. at 70 (internal citations omitted). Plaintiff's federal claims against the GDC are barred.

3. *Plaintiff fails to state a claim under state law*

The only state law claim Defendant can find in Plaintiff's complaint attempts to raise claims under the Georgia Constitution. As Defendant pointed out in its initial brief, Georgia recognizes no such claims, and thus, Plaintiff may not pursue such a claim. *Howard v. Miller*, 222 Ga. App. 868, 872 (1996); *accord Davis v. Standifer*, 275 Ga. App. 769, 772 n. 2 (2005); *Draper v. Reynolds*, 278 Ga. App. 401, 403 n. 2 (2006); *Dixon v. Ga. Dep't of Pub. Safety*, 2015 U.S. Dist. LEXIS 126900, 19 (S.D. Ga. 2015).

## Conclusion

For the foregoing reasons and for the reasons previously submitted, Defendant GDC submits that its motion to dismiss should be granted.

Respectfully submitted this 23rd day of June, 2016.

SAMUEL S. OLENS  551540
Attorney General

KATHLEEN M. PACIOUS 558555
Deputy Attorney General

/s/ Devon Orland_____
DEVON ORLAND 554301
Senior Asst. Attorney General

/s/ Laura L. Lones_____
LAURA L. LONES 456778
Assistant Attorney General

Attorneys for Defendant Georgia Department of Corrections

Please Serve:
LAURA L. LONES
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 463-8850
Facsimile:  (404) 651-5304
llones@law.ga.gov

## CERTIFICATION AS TO FONT

Pursuant to Local Rule 7.1D, I hereby certify that this brief is submitted in Times New Roman 14 point type as required by Local Rule 5.1(b).

/s/ Laura L. Lones
LAURA L. LONES 456778
Assistant Attorney General

Attorney for Defendant Georgia Department of Corrections

LAURA L. LONES
Assistant Attorney General
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 463-8850
Facsimile:  (404) 651-5304
llones@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANT GEORGIA DEPARTMENT OF CORRECTIONS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to Plaintiff's attorneys of record:

> Ryan T. Strickland
> The Strickland Firm, LLC
> 222 Cherokee Street
> Marietta, Georgia  30060
>
> Richard N. Blevins, Jr.
> Blevins & Hong, PC
> 191 Roswell Street
> Marietta, Georgia  30060

This 23rd day of June, 2016.

/s/ Laura L. Lones
Georgia Bar No. 456778
Assistant Attorney General